# Ege's Appeal.

A son, who had been a manager of iron-works for his father in his lifetime, and who after his death became his administrator, on the settlement of his administration account is entitled to a credit for a balance in his favour on the cash book : and is not chargeable with an account against the works managed by him for materials furnished for repairs.

An appeal entered on the 8th of October 1830, from a decree of the orphan's court made on the 8th of October 1829 is *within* one year, as provided for an appeal by the act of the 8th of February 1819.

APPEAL by George Ege, one of the administrators of Michael Ege, Sen. deceased, from the decree of the orphan's court of Cumberland county, settling his administration account.

The decree of the orphan's court was made on the 8th of October 1829, and the appeal was entered on the 8th of October 1830. The appellee moved to quash the appeal, on the ground that it was not entered *within* one year.

Michael Ege, Sen., was the owner of several iron-works, one of which was managed by his son, George Ege, the appellant. At the death of the intestate there was a balance on the cash book kept at the works, in favour of George Ege, of 2514 dollars, for which he prayed to be allowed a credit in his account ; but it was disallowed. At another works there was a charge against the works managed by George Ege, of 919 dollars, for materials for repairing the works.

With this account the accountant was charged.    These two items were the subjects of the assignment of error.

*Alexander*, for appellant.
*Carothers*, contra.

The opinion of the Court was delivered by

ROGERS, J.—The appellant complains of the decree in several particulars, and among others, that the court disallowed the balance of the cash account on the cash book at Mount Holly works, amounting to 2514 dollars 57 cents.

The accountant gave in evidence the cash book kept by him as manager at the Mount Holly works.    It is proved that this is the usual manner of keeping such accounts at iron-works, and what is very material, that it was the plan pursued at the works of Mr Ege. The books on which the accountant relied were the books of Michael Ege, of course open to his inspection.    The presumption is, he did inspect them, and was satisfied with their correctness.

It would be very inconvenient, if not impossible to conduct a business consisting of such a variety of trifling items of *expenditure*, in a different manner.    When proper vigilance is observed by the employer, there is little danger of mistake or fraud.    It has not been shown, nor has it even been attempted, that there is any error in any item of charge ; and this surely might have been shown if there was the least ground for the allegation, that the account was trumped up with a view to charge the estate.

We are of opinion that it therefore should be allowed.

The orphan's court have added the sum of 919 dollars 52 cents to the debit side of the account, it-being the balance on the Pine Grove books against accountant.

We have examined the account furnished in explanations since the argument, and find it composed of articles supplied before and since the death of Michael Ege, for the Mount Holly works.    But whether the materials were supplied before or since, can make no difference in the result.    If supplied before the death of the father, the accountant ought not to be charged with them, because they were used for the repairs of property which belonged to the father. If supplied after, it was for the benefit of the estate.    The improvements were made at the Mount Holly works ; which, it is true, were afterwards allotted to George ; but the presumption is, and it is a reasonable one, that it enhanced the value of the estate, and increased the price at which it was appraised.    If this was the fact, and there is nothing to rebut the presumption, the other children got the benefit of the increased price ; and it would be unjust that the accountant should be made to bear the whole burthen.    We throw out of view the informal arrangement made in the father's lifetime. It was disregarded in the final settlement of the estate, and cannot now affect the question.

The appellee made a preliminary question, which remains to be examined.

The decree of the orphan's court was made the 8th of October 1829, and the appeal was taken the 8th of October 1830. The appeal must be entered within one year after the confirmation of the account. Act of 8th of February 1819. I cannot distinguish this case from Sims *v.* Hampton, 1 *Serg. & Rawle* 412; Goswiller's Appeal, 3 *Penns. Rep.* 201; and Clow *v.* Wallace, 1 *Penns. Rep.* 441. The day on which the act is done is included or excluded, as the case requires a rigorous or liberal construction. The right of appeal is always favoured. This therefore is a case which calls for a liberal construction; and there can be no difference whether the computation is made by days, or where the intention is indicated by terms adopted in the act. The intention of the legislature is, to secure the right of a rehearing to all who entered an appeal within one year after the day when the decree was confirmed. This construction excludes the day the appeal was entered, from which it follows that the appeal is in time.

With the above correction the decree of the orphan's court is confirmed.